*571] *AT A CIRCUIT COURT, AT UNIONTOWN, OCTOBER, 1803.

CORAM, YEATES AND SMITH, JUSTICES.

## Lessee of William Workman and Agnes his wife, Mary Gillespie and Ann Gillespie *against* David Gillespie.

*Settlement rights are subject to the same rules of descent as other lands.*

EJECTMENT for 300 acres of land in Springhill township.

It was admitted, that Jonas Webb made a settlement on the lands in question in 1766 or 1767, and sold the same to George Gillespie, the brother of the lessors of the plaintiff. George Gillespie died in 1782 intestate, of full age, unmarried and without issue, leaving an only brother, John Gillespie, who is since dead, leaving the defendant, his son.

On the 14th March 1789, John Gillespie took out a warrant for 350 acres, including this improvement, on the north side of Cheat river, on which he afterwards obtained a survey.

George Gillespie having made a parol agreement with William Workman, his brother-in-law, for 100 acres, part of the tract which he had purchased from Webb, the said John Gillespie confirmed the title of Workman to the said 100 acres, as heir at law to his brother George, on the 24th March 1783.

The counsel on the part of the plaintiff attempted to shew that John Gillespie agreed that his sisters should share in the lands of which their brother George died seized, and that Workman obtained the certificate of the justices respecting the time of settlement of the lands, and paid their proportion of the purchase money and surveying fees, but having failed in their proof, they submitted the whole matter to the direction of the court, without argument.

*Per curiam.* If John Gillespie, fully apprised of his rights, agreed to let in his sisters to share in this land, they would be entitled to recover their proportions thereof, otherwise not. As the law stood at the time of the death of George Gillespie in 1782, intestate, his lands devolved on John, his only brother, as his heir at law. Settlement rights are subject to the rules of descent of real estate, as applicable to lands held *by *572] patent or warrant, and it has been determined in bank, that a wife was entitled to dower in lands, held by improvement right alone. We cannot presume an agreement on the part of the heir at law to divide his inheritance with his sisters. It must be proved and performed as any other agreement. The rule of descent is so clear, independent of such agreement. that we could not suffer it to be disputed ; although perhaps accord-

ing to the general ideas of mankind, it might be more equitable, that the sisters should inherit equally with the eldest brother.

　　　　　　　　　　The plaintiff suffered a nonsuit.

Messrs. Addison, Morrison and Meason, *pro quer.*

Messrs. Ross and Lyon, *pro def.*